UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT CHRISTIN STREETS,

      Petitioner,

v.                                Case No. 8:10-cv-1131-T-33TGW

SECRETARY DEPARTMENT OF CORRECTIONS,

      Respondent.

_____/

## <u>ORDER</u>

This cause is before the Court on Petitioner Robert Christin Streets' timely-filed pro se 28 U.S.C. § 2254 petition for writ of habeas corpus (hereinafter "petition" or "Petition"). Streets challenges his conviction and sentence entered by the Tenth Judicial Circuit, Polk County, Florida. A review of the record demonstrates that, for the reasons below, the petition must be **denied**.

## PROCEDURAL BACKGROUND

Streets was found guilty after a jury trial of DUI manslaughter and vehicular homicide as charged in case no. CF04- 6190-XX. He was found not guilty of two counts of witness tampering. Adjudicated guilty of DUI manslaughter only, Streets was sentenced on November 16, 2006, to fifteen years incarceration.[1]

_____

[1] Based on double jeopardy concerns, the trial court withheld adjudication, and did not impose sentence on the vehicular homicide count.

Streets appealed his trial-based judgment, and following briefing, the state district court of appeal, on April 23, 2008, per curiam affirmed the conviction and sentence in case no. 2D06-5747. *Streets v. State*, 980 So. 2d 501 (Fla. 2d DCA 2006)[table]. Streets did not seek rehearing, nor did he pursue certiorari review in the United States Supreme Court.

Streets filed a pro se rule 3.850 motion for postconviction relief dated June 18, 2009. (Resp. Ex. 7).  On July 6, 2009, the state trial court summarily denied the rule 3.850 motion. (Resp. Ex. 8). Following denial of rehearing, Streets appealed, and on March 31, 2010, the state district court of appeal per curiam affirmed the summary denial of relief in case no. 2D09-4217. *Streets v. State*, 33 So. 3d 44 (Fla. 2d DCA 2010)[table]. Streets' motion for rehearing was denied, and the mandate issued May 20, 2010.

## STANDARDS OF REVIEW

### The AEDPA Standard

Under 28 U.S.C. § 2254(d) and (e) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court's review of the state court's factual findings must be highly deferential. Such findings are presumed to be correct unless rebutted by clear and convincing evidence. Similarly, the state courts' resolutions of issues of law-including constitutional issues-must be accepted unless they are found to be "contrary to" clearly established precedent of the Supreme Court of the United States or involved an "unreasonable application" of such precedent. *Williams v. Taylor*, 529 U.S. 362 (2000). Indeed, it is not enough that the federal courts believe that the state court was wrong; it must be demonstrated that the state court decision was "objectively unreasonable." *Id. Breedlove v. Moore*, 279 F.3d 952 (11th Cir. 2002).

**Ineffective Assistance of Counsel Standard**

To have a facially valid claim in alleging ineffective assistance of counsel, a Petitioner must meet the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland*'s two-part test requires a Petitioner to demonstrate that counsel's performance was deficient and "there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* However, if a claim fails to satisfy the prejudice component, the court need not make a ruling on the performance component.

Our standard of review is "doubly deferential" when "a *Strickland* claim [is] evaluated under the § 2254(d)(1) standard." *Knowles v. Mirzayance*, --- U.S.--- ,129 S. Ct. 1411, 1420 (2009). "The question is not whether a federal court believes the state court's determination under the *Strickland* standard was incorrect but whether that determination was unreasonable -- a substantially higher threshold." Id. (quotation marks omitted).

**State Procedural Default Doctrine**

The AEPDA's deferential standards are not the only hurdles Streets faces. Pursuant to the procedural default doctrine, a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitutional claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules, is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default, *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), or the kind of fundamental miscarriage of

justice occasioned by a constitutional violation that resulted in the conviction of a defendant who was "actually innocent," as contemplated in *Murray v. Carrier*, 477 U.S. 478, 496 (1986).[2]

**DISCUSSION**

**GROUND ONE**

Streets claims his counsel was ineffective for not taking an interlocutory appeal from the denial of his motion to suppress blood test results. According to Streets, the blood test results were illegally obtained, and had his counsel taken an appeal before trial, the state appellate court would have reversed the state trial court's decision to allow blood test results at trial. This ground is exhausted to the extent alleged in ground one of his rule 3.850 motion as a substantive claim of ineffectiveness of counsel, the summary denial of which he appealed.[3] Streets' claim has no merit.

Prior to trial, Streets' counsel filed a motion to suppress 1) his statements to police as a violation of his right to remain silent; and 2) any physical evidence obtained as a result

---

[2] The "cause" excusing the procedural default must result from some objective factor external to the defense that prevented the prisoner from raising the claim and which cannot be fairly attributable to his own conduct. *Murray v. Carrier*, 477 U.S. at 488.

The fundamental miscarriage of justice exception concerns a petitioner's "actual" innocence rather than his "legal" innocence. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (2001) (citing *Calderon v. Thompson,* 523 U.S. 538, 559 (1998)); *Murray v. Carrier*, 477 U.S. at 495-96 (explaining that a "fundamental miscarriage of justice" occurs "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent"). To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial." *Schlup*, 513 U.S. at 324.

[3] In his rule 3.850 motion, Streets raised his claim as one of proposed omission of counsel and not as a substantive Fifth Amendment claim. Moreover, any substantive Fifth Amendment claim regarding the suppression ruling is unexhausted and procedurally barred because Streets did not preserve and raise this claim on direct appeal. Under Florida law, an issue which could have been raised on direct appeal and was not may not be reviewed in a rule 3.850 motion. *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir.), *cert. denied*, 498 U.S. 832 (1990).

of his statements. After a pretrial evidentiary hearing, the state trial court granted the motion to suppress Streets' statements but denied the motion with respect to the blood test results.

In ground one of Streets' rule 3.850 motion, Streets asserted that his counsel did not pursue an interlocutory appeal of the denial of the motion to suppress the blood test results. The state trial court summarily denied ground one. After stating *the Strickland* standard, the state trial court disposed of Streets' ground on the prejudice prong, stating, in relevant part:

> In response to claim 1, that defense counsel was ineffective for failing to file an interlocutory appeal of the trial court's denial of Defendant's motion to suppress blood test results, the Court finds the claim fails to meet the second, or prejudice, prong of the *Strickland* test. Specifically, Defendant asserts that counsel filed both a *Motion to Suppress Statement[s] and Admissions* as well as a *Motion to Suppress Blood Test Results*. See attachments. After an evidentiary hearing on the issues, the trial court granted the motion regarding statements and admissions but denied the motion regarding the blood test results. *See* attachments. According to the Defendant, counsel should have then filed an interlocutory appeal of the trial court's denial because, "had he done so, the Second District Court of Appeal would have reversed the trial court's decision to allow blood test results which were obtained contrary to established case law (*Miranda*) and the Fifth Amendment of the United States Constitution." Motion at 14-15.

> The Court disagrees. After review of Defendant's arguments, the record citations as cited in the Motion, the transcript of the Motion to Suppress Hearing, a copy of which is attached, and the trial court's *Order Granting Defendant's Motion for Rehearing and Amended Order Granting Defendant's Motion to Suppress Statements and Admissions and Order Denying Defendant's Motion to Suppress Blood Test Results*, a copy of which is attached, the Court finds the blood test results were not "obtained contrary to established case law" and, therefore, there is simply no reasonable probability that "the Second District Court of Appeal would have reversed the trial court's decision" had counsel filed an interlocutory appeal of the trial court's  ruling. *See Williams v. State*, 731 So. 2d 48, 51 (Fla. 2d DCA 1999)("The smell of alcohol on appellant's breath, coupled with the traffic fatality and [the co-occupant's] statement that appellant was the driver, gave law enforcement probable cause to draw blood for blood alcohol testing."); *Durden v. State*, 655 So. 2d 215 (Fla. 1st DCA 1995); *Cesaretti v. State*, 632 So. 2d 1105 (Fla.

1994); *Silver v. State*, 498 So. 2d 580 (Fla. 4th DCA 1986); and *Jackson v. State*, 456 (Fla. 1st DCA 1984). As such, there is no reasonable probability that the outcome of the proceedings would have been any different had counsel pursued an interlocutory appeal of the issue. Accordingly, claim 1 is DENIED. . . . .

(Resp. Ex. 8).

Streets' rule 3.850 motion did not set forth a basis upon which to conclude counsel was constitutionally obligated to pursue an interlocutory appeal. In Florida, a defendant in a criminal case does not have the right to an interlocutory appeal. *Lopez v. State*, 638 So. 2d 931, 932 (Fla. 1994), citing Fla.R.App.P. 9.140(b), and *State ex rel. Shevin v. Pierce*, 269 So.2d 664 (Fla. 1972).

In his rule 3.850 motion, Streets did not claim that his counsel overlooked a Fourth or Fifth Amendment claim relative to the blood draw evidence in the suppression motion. Nor did he claim that his counsel failed to preserve the claims for **direct review**. Any assertions of ineffectiveness in regard to these claims are now procedurally barred by the two-year limit of rule 3.850, *see Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir.)(recognizing and applying two-year bar of rule 3.850), *cert. denied*, 498 U.S. 834 (1990), and the state's successive petition doctrine. *See e.g., Foster v. State*, 614 So. 2d 455, 458 (Fla. 1992); *Zeigler v. State*, 632 So. 2d 48, 51 (Fla. 1993). If a petitioner asserts new allegations of ineffective assistance of counsel that were not timely and properly raised in state court, they may not be considered by this Court. *Footman v. Singletary*, 978 F.2d 1207, 1211 (11th Cir. 1992); *Jackson v. Herring*, 42 F.3d 1350, 1355 (11th Cir.), *reh'g denied*, 51 F.3d 1052 (11th Cir. 1995).

Streets fails to show that the blood draw evidence was obtained as a result of any statement taken in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). The blood test evidence was obtained from a source independent of his statements[4] and/or would inevitably have been discovered. Independent of Streets' statements to police, there was probable cause to order the blood draw based on the high rate of speed at which Streets drove the Cadillac (V 2 T 212-13); his passing Mr. Copley, despite a double yellow center line and another vehicle approaching (V 2 T 215); Streets' crossing the line again and striking the victim who was on a motorcycle; Streets' mood swings; Officer Green's observations that Streets' pupils were constricted and his eyes watery and bloodshot; the detection of an odor of an alcoholic beverage on Streets' breath; and Officer Chase's observation of at least one empty beer bottle inside the Cadillac. Streets does not overcome the presumption of correctness of the state court's factual findings by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

At its core, Streets' claim is a claim that counsel performed effectively in seeking suppression of the blood test evidence, but that counsel should have taken the additional step of filing a notice of interlocutory appeal of the denial of the motion to suppress so as to preclude the state trial court from allowing the blood test evidence at trial. Even if an interlocutory appeal had been available under Florida law, it is objectively reasonable to conclude the blood draw evidence was properly adduced and there was no reasonable

---

[4] Under the independent source doctrine, evidence is admissible if the state can show that it was obtained by "means wholly independent of any constitutional violation." *Nix v. Williams*, 467 U.S. 431, 443 (1984). It applies when evidence is discovered as a result of unlawful police activity but is also discovered independently through a lawful investigation that occurs either before or after the illegal activity, so long as the independent investigation is "untainted by the initial illegality." *See Murray v. United States*, 487 U.S. 533, 537 (1988).

probability of a different outcome at trial had counsel performed as Streets now proposes. *Cf., Williams v. Trombley*, 2009 WL 1883534 (E.D. Mich. 2009) (unpublished)(concluding any interlocutory appeal would have been futile and counsel is not required to advocate a meritless position). The state court decision resulted in a reasonable application of *Strickland* and a reasonable determination of the facts in light

of the evidence.

Ground one does not warrant habeas corpus relief.

## GROUND TWO

Streets claims his trial counsel was ineffective for failing to "properly impeach" various witnesses. In summarily denying ground two of Street's rule 3.850 motion, the state trial court stated:

> In claim 2 of his Motion, Defendant asserts that his trial counsel was ineffective for failing to "properly" impeach certain witnesses. Defendant's own claim refutes the allegation. The record citations as quoted in the Motion itself establish defense counsel not only "properly" but rather effectively impeached all of the disputed witnesses. See Motion at 16-33....

(Resp. Ex. 8).

Streets' allegations do not overcome the strong presumption that his counsel's decisions regarding potential areas of cross-examination of the witnesses fell within the wide range of professionally competent assistance. He asserts that counsel should have laid a predicate for impeachment of Deputy Chase, Mr. Copley, and Ms. Wilson, by prior inconsistent statements pursuant to § 90.608(1), Florida Statutes. He also contends his counsel should have laid a proper predicate for impeaching Mr. Macias under § 90.608(3), Florida Statutes. Given that the Florida courts did not find that these witnesses could have

been further impeached under these provisions, Streets cannot show that his counsel overlooked a state law basis for impeachment of the witnesses.

This claim fails under *Strickland*'s prejudice prong. Streets' own allegations reflect that counsel confronted these witnesses with their statements and/or prior record. Streets alleges no basis upon which to conclude that further cross-examination would have materially undercut their testimony. Accordingly, it is objectively reasonable to conclude there was no reasonable probability of a different outcome had his counsel acted as Streets now proposes. The state court decision resulted in a reasonable application of *Strickland* under either prong and a reasonable determination of the facts in light of the evidence.

Ground two does not warrant habeas corpus relief.

### GROUND THREE

Streets faults his counsel for failing to prepare for trial. Streets raised this claim in ground three of his rule 3.850 motion. The state trial court summarily denied his claim stating:

> Claim 3 of Defendant's Motion alleges that defense counsel was ineffective for failing to "be prepared for trial." Specifically, Defendant contends his counsel was ineffective for not being prepared to address counts 3 and 4, tampering with a witness counts, by counsel's own admission. *See* trial transcript at 4-12, copies of which are attached. According to the Defendant, "Counsel should have prepared to examine Joey Macias during testimony because counsel did not know for sure whether the two counts were going to be severed up to that point. So, out of an abundance of caution, he should have had all of the material required to properly cross-examine Joey Macias." Motion at 34.

> The claim fails the prejudice prong of *Strickland*, *supra*. This is because Defendant was acquitted of both count 3 -- tampering with a witness, to wit: Francisco Macias, and count 4 -- tampering with a witness, to wit: Joey Macias. *See* attachments. As such, the claim fails to establish that, but for the alleged error, there is a reasonable probability that the outcome of the

proceedings would have been different. Based on the foregoing, claim 3 is DENIED. . . . .

(Resp. Ex. 8).

Streets claims counsel was not prepared to cross-examine Joey Macias because counsel believed the witness tampering counts were going to be severed.  Streets fails to show that not one reasonably competent attorney at the time would have focused on the other counts based on an assessment of the prospect of severance of the tampering counts.

This claim can be disposed of on *Strickland*'s prejudice prong.  Streets claims Macias wanted to prevent the State's pressing charges against his brother, Francisco, who was with Streets in the Cadillac. Streets complains that, at trial, Joey Macias gave the impression that Streets was the driver of the vehicle.

However, Francisco testified that Streets was driving (e.g., Resp. Ex. 1, V 2 T 267). In addition, Mr. Copley observed that a dark-skinned male was "hanging out" of the passenger's window when the Cadillac passed by (V 2 T 217-18), corroborating that Streets, who is a light-skinned white male, was the driver. In view of the independent evidence establishing that Streets was driving the vehicle and that he committed the DUI manslaughter as charged, it is objectively reasonable to conclude that even if his counsel prepared further with regard to Joey Macias' testimony, there was no reasonable probability of a different outcome at trial. The state court decision resulted in a reasonable application of *Strickland* and a reasonable determination of the facts in light of the evidence.

Ground three does not warrant habeas corpus relief.

## GROUND FOUR

Streets contends that counsel was ineffective for failing to interview and depose Monica Fileger with the Florida Department of Law Enforcement and Tammy Grosskopf with the Forensic Toxicology Department of the University of Florida. Streets raised this as claim 4 of his rule 3.850 motion.

The state trial court summarily denied this claim, stating:

> In claim 4 of his Motion, Defendant contends his trial counsel was ineffective for failing to interview or depose Monica Fileger and Tammy Grosskopt, two expert witnesses for the State. And, Defendant asserts, he was prejudiced by such failure because, "had counsel deposed these witnesses he would have been able to effectively cross-examine them against their deposition testimony for purposes of impeachment; to rebut any allegations; and depending upon their testimony, may have changed defense tactics for trial."
>
> Such an argument, however, is wholly conclusory. As stated in *Brown v. State*, 846 So. 2d 1114 (Fla. 2003), "This Court has held that when a failure to depose is ineffective assistance of counsel claim, the appellant must specifically set forth the harm from the alleged omission, identifying 'a specific evidentiary matter to which the failure to depose witnesses would relate'." (Citation omitted). Defendant's claim fails this requirement. Based on the foregoing, and pursuant to *Spera v. State*, 971 So. 2d 754, 762 (Fla. 2007)("[Our decision is designed to allow amendments where the defendant can, *in good faith*, correct the deficiency])(Emphasis in original).....

(Resp. Ex. 8).

In his rule 3.850 motion, Streets failed to set forth a basis upon which to conclude his counsel was constitutionally obligated to depose either Fileger or Grosskopf in order to be reasonably effective. That trial counsel might not have conducted a pretrial deposition of these witness does not establish that counsel was unaware of the information these witnesses could provide. Moreover, Streets has not alleged what, if any, information would have been gleaned from deposing these particular individuals. His failure to allege specifics

showing that the proposed interviews or depositions would lead to information favorable to the defense leaves this claim purely speculative. *See Aldrich v. Wainwright*, 777 F.2d 630, 637 (11th Cir.1985) (speculation insufficient to carry the burden of a habeas corpus petitioner as to what evidence could have been revealed by further investigation).

It is objectively reasonable to conclude that had counsel deposed Fileger or Grosskopf, there was any reasonable probability of a different outcome in Streets' case. The state court decision resulted in a reasonable application of *Strickland* under the prejudice prong as well as the performance prong.

Ground four does not warrant habeas corpus relief.

### GROUND FIVE

Streets raises a free standing claim of actual innocence. This claim does not present a cognizable basis for federal habeas corpus relief. Federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution, not to correct errors of fact. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993). A claim of innocence is not itself a constitutional claim. Rather, it is a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). To satisfy *Schlup*, a petitioner must first "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id.* at 324. The petitioner must then demonstrate that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. However, the fundamental miscarriage of justice exception is available only

where the prisoner supplements his constitutional claim with a colorable showing of factual innocence. The Supreme Court has not held that it extends to freestanding claims of actual innocence.

Here, the exception is inapplicable because in ground five Streets does not seek to excuse a procedural default so that he may bring a defaulted constitutional claim challenging his conviction. Although he employs gateway terminology, he seeks habeas relief based on his claim that he is factually innocent of DUI manslaughter. Streets is not entitled to federal review of this claim.

Further and alternatively, even if a free-standing actual innocence claim by a defendant not under sentence of death were cognizable, any such claim by Streets fails. To prevail on such a claim, the petitioner would have to meet an "extraordinarily high" standard. *Herrera*, 506 U.S. at 426. The petitioner must show new facts unquestionably establishing his innocence. *Schlup*, 513 U.S. at 317. Streets has not provided such evidence.

Ground five does not warrant habeas corpus relief.

## GROUND SIX

Streets contends the denial of a continuance of his trial resulted in inadequate time for his counsel to prepare a defense on his behalf. This ground is unexhausted and procedurally barred because Streets did not fairly present the constitutional dimension of his ground both at trial and on direct appeal.

At a pretrial hearing on September 26, 2006, Streets, through counsel, sought a continuance but did not raise a constitutional claim regarding his request. Prior to jury

- 13 -

selection, counsel renewed his motion for a continuance but did not alert the trial court to a federal claim regarding the ruling on his motion. On direct appeal, Streets raised his issue in state law terms, which did not suffice to meet the exhaustion requirement.  Briefing an issue as a matter of state law is not sufficient to exhaust a federal claim. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 365 (1995).

In *Baldwin v. Reese*, 541 U.S. 27, 29 (2004), the Supreme Court wrote that a petitioner wishing to raise a federal issue in state court can do so "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin*, 541 U.S. at 32. Addressing this observation, the Eleventh Circuit has explained:

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" *McNair v. Campbell*, 315 F. Supp. 2d 1179, 1184 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. *See Picard*, 404 U.S. at 275, 92 S. Ct. at 512 ("We emphasize that the federal claim must be fairly presented to the state courts."). We therefore hold that "'the exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the

> haystack of the state court record.'" *Kelley*,[5] 377 F.3d at 1345 (quoting *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)).

*McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005).

The burden is on the petitioner to raise his federal claim in the state courts at a time when state procedural law permits its consideration on the merits, even if the state court could have identified and addressed the federal question without its having been raised. *See Bell v. Cone*, 543 U.S. 447, 851 n. 3 (2005) (citing *Baldwin*, 541 U.S. at 30-32). By not timely raising the constitutional dimension of his claim both at trial and on appeal, Streets deprived the state courts of a "full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see also*, *Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003)("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001)).

Because he did not fairly present the constitutional dimension of his claim both at trial and on direct appeal, Streets defaulted ground six. In Florida, an issue which could have been raised on direct appeal may not be reviewed in a rule 3.850 motion. *Harmon v. Barton*, 894 F.2d 1268, 1270 (11th Cir.), *cert. denied*, 111 S.Ct. 96 (1990); *Sampson v. State*, 845 So. 2d 271, 272 (Fla. 2d DCA 2003). This Circuit has long recognized this aspect of Florida law. *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir.)(claims that could have been or should have been preserved at trial and then raised on direct appeal and were not are procedurally barred), *cert. denied*, 464 U.S. 922 (1983).

---

[5] *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1333 (11th Cir. 2004).

Streets has not shown cause to excuse his defaults, and any cause allegation is itself procedurally barred by the two-year time limit of rule 3.850 and the state's successive petition doctrine. Not showing cause, Streets cannot avoid his default, as the cause and prejudice components are in the conjunctive and both must be established to escape the preclusive effect of the procedural default. *Murray v. Carrier*, 477 U.S. 478, 496 (1986)(citing *Engle v. Issac*, 456 U.S. 107, 134 n. 43 (1982)).

Even if  he could show valid cause, Streets does not allege and meet the prejudice component of *Wainwright v. Sykes*. Nor does he qualify for the fundamental miscarriage of justice exception. He has no new and reliable evidence of actual innocence.

Alternatively, on the merits, Streets' claim fails. He does not surmount the highly deferential AEDPA standards governing review of the state court ruling. *Lambrix v. Singletary*, 520 U.S. 518, 525 (997)(noting that, in the interest of judicial economy, courts might resolve easier matters where complicated procedural default issues exist).

The Supreme Court has held the matter of continuance is traditionally within the discretion of the trial judge, and "it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)(citations omitted). There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. Whether a denial of a continuance is so arbitrary as to violate due process "must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Ungar*, 376 U.S. at 589.

Streets argued on direct appeal the trial court abused its discretion in denying a continuance because he had no time to prepare his defense and investigate the procedures surrounding the results of blood tests conducted by the two experts furnished by the state two weeks before his trial. At the September 26, 2006, hearing on the motion for continuance (Resp. Ex. 1, V 1 R 194-156), the prosecutor explained that the individual who had tested the blood at the University of Florida did not have official FDLE certification, so the blood was tested "in expedited fashion," and Streets' counsel was made aware of this. The only articulated concern by the defense was that counsel did not know the circumstances surrounding **storage** of the blood.

Streets fails to demonstrate that under the circumstances confronted by the trial court, denial of his request for a continuance was so arbitrary as to amount to a denial of due process. It is his burden to demonstrate that the state trial court abused its discretion and further, that the ruling rendered his trial fundamentally unfair. *See Conner v. Bowen*, 842 F.2d 279, 283 (11th Cir. 1988)(A habeas petitioner who claims that the state trial court's refusal to grant a continuance denied him due process of law must demonstrate, first, that the trial court abused its discretion and, second, that its action rendered the petitioner's trial fundamentally unfair)(citing *Hicks v. Wainwright*, 633 F.2d 1146, 1148 (5th Cir. 1981)).

Streets, given ample opportunity by the state court, failed to show denial of a continuance caused specific substantial prejudice to him. Based on the present record, it is objectively reasonable to conclude the vague concerns offered about storage and handling of the blood and the integrity of this evidence did not satisfy Streets' burden of

demonstrating substantial prejudice from denial of a continuance. He knew the evidence had been tested initially and Streets had ample time prior to trial to explore the storage procedures employed subsequent to testing. Furthermore, that the evidence had been later retested does not, standing alone, call into question the integrity of the blood evidence or the results of the analysis of that evidence. Applying AEDPA's deferential standards, it is objectively reasonable to conclude that the state trial court was within its discretion to deny the continuance request under the circumstances. Thus, the per curiam affirmance in Streets' direct appeal was neither contrary to, nor an unreasonable application of, Supreme Court precedent.

Ground six does not warrant habeas corpus relief.

### GROUND SEVEN

Streets contends the trial court's denial of his counsel's motion for severance of the tampering with witnesses counts denied him his constitutional right to a fair trial. To the extent Streets is relying on his state law based arguments advanced in the state courts, subject matter jurisdiction does not lie to address any state law claims. The Florida courts have answered the question of whether Streets' offenses were properly consolidated for trial under Florida law.

Federal courts have jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Wainwright v. Goode*, 464 U.S. 78 (1983); *Engle v. Isaac*, 456 U.S. 107, 119 (1982). Errors that do not infringe on federally protected rights provide no basis for federal habeas corpus relief. "This limitation on federal habeas review is of

equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

Moreover, as with ground six, ground seven is unexhausted and procedurally barred because Streets did not fairly present the constitutional dimension of his claim at trial and on direct appeal. His state law arguments at trial and on appeal did not suffice to exhaust a federal question. *Duncan, supra*. Because he did not fairly present a federal claim regarding his severance request in a procedurally correct manner at trial and on direct appeal, Streets defaulted ground seven. He does not make the required showing to excuse his default.

Alternatively, Streets' claim has no merit. In *United States v. Lane*, 474 U.S. 438, 444 (1986), the Court noted that "improper joinder does not, in itself, violate the Constitution. Rather, misjoinder would rise to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." *Id.* at 446, n. 8. In rejecting the *per se* rule, the Court held that "an error involving misjoinder 'affects the substantial rights' and requires reversal only if the misjoinder results in actual prejudice because it 'had substantial and injurious effect or influence in determining the jury's verdict.'" *Id.* at 449.

Streets fails to show, as a threshold matter, that there was any misjoinder of his offenses. The underpinnings for the tampering charges were that Streets tried to influence Francisco Macias not to testify at Streets' trial and asked for the brother's help in "getting

Francisco out of town." The resulting tampering charges were causally connected to Streets' DUI manslaughter charge.

Alternatively, any claimed error in joinder of the offenses had no substantial and injurious effect or influence in determining the jury's verdict with regard to these offenses. *Brecht v. Abramson*, 507 U.S. 619, 637 (1993). As pointed out, Streets was acquitted of the tampering counts. Moreover, aside from the evidence undergirding the tampering counts, the state adduced ample evidence from which a rational jury could conclude Streets committed DUI manslaughter as charged.

Accordingly, it is objectively reasonable to conclude there was no prejudice resulting from denial of Streets' motion to sever the tampering counts. The state court decision resulted in a reasonable application of federal law as clearly established by the Supreme Court and a reasonable determination of the facts in light of the evidence.

Ground seven does not warrant habeas corpus relief.

### GROUND EIGHT

Streets raises a substantive Fourth Amendment claim regarding the blood draw evidence in his case. *Stone v. Powell*, 428 U.S. 465 (1976) bars review of Streets' claim. "Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494.

In *Tukes v. Dugger*, 911 F.2d 508 (1990), the Eleventh Circuit addressed whether *Stone* foreclosed review of the validity of a search when the defendant presented his

argument but the state courts failed to make findings of fact to resolve that argument. 911 F.2d at 513-14. The Court concluded the state courts had failed to afford the defendant a full and fair opportunity to litigate the validity of the search when they did not make findings of fact about whether the defendant had invoked his right to counsel or was in custody when he consented to the search of his home. The Court stated, "The trial court's failure to make explicit findings on matters essential to the fourth amendment issue, combined with the fact that the state appellate court issued only a summary affirmance, precludes a conclusion in this case that the state provided the meaningful appellate review necessary to erect a *Stone v. Powell* bar to our review of the claim." *Id.* at 514.

In *Hearn v. Florida*, 326 Fed.Appx. 519, 522 (11th Cir. 2009)(unpublished), the Eleventh Circuit held that in light of *Tukes*, the district court erred when it concluded that *Stone* foreclosed review of Hearn's petition. Hearn had argued at trial and on appeal that the warrant to search his home was obtained by use of false statements in the supporting affidavit. At the *Franks* hearing, Hearn introduced copies of telephone records that allegedly established that no call was made from his home when the police questioned an individual in his house, which gave the police reason to enter Hearn's property in search of a suspect in the armed kidnapping. Neither the trial court nor the appellate court made any findings of fact to reconcile the statements of the police and the telephone records. Although the Court presumed, as it did in *Tukes*, that Hearn's Fourth Amendment argument was "given ... careful, judicious, and studied attention[,]" it held the state courts nevertheless failed to make "explicit findings on matters essential to" Hearn's Fourth Amendment argument. 911 F.2d at 514. It was concluded that summary denial of Hearn's motion to suppress, coupled

with a summary affirmance by the Florida appellate court, was "insufficient to deny [Hearn] consideration of the merits of his constitutional claim on federal habeas corpus review." 326 Fed. Appx 519(citing *Tukes*, 911 F.2d at 514).  In contrast to *Tukes* and *Hearn*, there was no failure on the part of the trial court to make findings of fact on Streets' motion to suppress.

To review Streets' claim, this Court would have to conclude that he did not have a full and fair opportunity to litigate his Fourth Amendment claim in a state court proceeding. Streets does not make such a showing. Florida clearly afforded him a full and fair opportunity to litigate any Fourth Amendment claim and to raise the claim on direct appeal in a procedurally correct manner.  (See Resp. Ex. 7, R 59-130 [Transcript of Motion To Suppress Hearing] and Resp. Ex. 8, T 1-5 [Order on Motion To Suppress] and T 1-5 [Second Order on Motion To Suppress following rehearing motion]).

*Stone* bars federal habeas review of ground eight. *See Bradley v. Nagle*, 212 F.3d 559 (11th Cir. 2000) (federal courts are precluded from conducting post-conviction review of Fourth Amendment claims where state courts have provided "an opportunity for full and fair litigation" of those claims) (citing *Stone*, 428 U.S. at 465).

Furthermore, to the extent Streets is challenging the state courts' application of Florida law regarding blood draw evidence, subject matter jurisdiction does not lie to address whether there was probable cause under state law to warrant the taking of Streets' blood for testing. State courts are the ultimate expositors of state law, and federal courts must therefore abide by their rulings on matters of state law. *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) (citations and footnote omitted).

In addition, this claim is unexhausted and procedurally barred because Streets did not fairly present his Fourth Amendment claim both to the trial and appellate courts. Because he did not raise the constitutional dimension of his claim at trial and on direct appeal, Streets defaulted ground eight. He does not make the required showing to excuse his default.

Accordingly, the Court orders:

That Streets' petition is denied. The Clerk is directed to enter judgment against Streets and to close this case.

## CERTIFICATE OF APPEALABILITY AND

## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 27, 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Counsel of Record
Robert Christin Streets